IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAINT FLOREL NEAL, | ) | |
| ID # 31352-077, | ) | |
| Movant, | ) | No. 3:11-CV-1012-M (BH) |
| vs. | ) | No. 3:04-CR-0046-M (01) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct his sentence should be **DENIED** with prejudice as time-barred.

**I. BACKGROUND**

On or about May 9, 2011, Saint Florel Neal ("Movant"), an inmate in the federal prison system, filed *Movant's Motion and Request for Leave to File 28 USCS § 2255 Petition* ("Mot."), which has been construed as a motion under 28 U.S.C. § 2255 challenging his federal conviction and sentence in Cause No. 3:04-CR-0046-M. The respondent is the United States of America ("Government").

On February 4, 2004, Movant was charged with being a felon in possession of a firearm (count 1), and possession of marijuana with intent to distribute (count 2), in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(D), 922(g)(1), and 924(a)(2). (*See* doc. 17).[1] After a trial on August 16-17, 2004, a jury found him guilty on both counts. (doc. 96). On April 29, 2005, he was sentenced to 180 months imprisonment, followed by a three-year term of supervised release. (docs. 120, 125).

Movant appealed, and the Fifth Circuit Court of Appeals affirmed his conviction and

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:04-CR-46-M.

sentence in an unpublished opinion on May 30, 2006. *United States v. Neal*, 182 Fed. Appx. 366, 2006 WL 1525893 (5th Cir. May 30, 2006). On October 16, 2006, the United States Supreme Court denied his petition for writ of certiorari. *Neal v. United States*, 549 U.S. 980 (U.S. Oct. 16, 2006).

## II. STATUTE OF LIMITATIONS

Section 2255 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant alleges that the Supreme Court recognized a new right in *Begay v. United States*, 553 U.S. 137 (2008), which held that a New Mexico state conviction for driving under the influence is not a violent felony that warrants a fifteen-year prison term under the Armed Career Criminal Act. *Id*. at 145-148. Movant contends that his prior Texas felony conviction for endangerment of a child, which was used to elevate his sentencing guideline, was determined to be a crime of violence by the

2

district court using a similar definition as in *Begay* but was also not a crime of violence. (Mot. at 5). Other circuits have determined that *Begay* is re retroactively applicable to cases on collateral review. *See Sunbear v. United States*, 611 F.3d 925 (8th Cir. 2010); *Welch v. United States*, 604 F.3d 408 (7th Cir. 2010). Even assuming for purposes of this motion only, and without deciding, that *Begay* created a newly recognized right retroactive on collateral review applicable to movant, it does not save his § 2255 motion.

Movant's conviction became final on October 16, 2006, when the United States Supreme Court denied his petition for writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). The facts supporting movant's claims became known or could have become known through the exercise of due diligence prior to the date his conviction became final. The Supreme Court handed down *Begay* on April 16, 2008. Because the date *Begay* was decided is the latest of the dates under § 2255(f), the one-year statute of limitations began to run from that date. Because movant did not file his § 2255 motion until more than three years later, it is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi*

3

*v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by s state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, movant argues that his § 2255 motion should be considered timely because his attorney failed to keep him informed about his petition for writ of certiorari and did not file a § 2255 motion on his behalf. He attaches copies of letters from his attorney that he claims gave him the impression that his claims were being presented to the Supreme Court and that his attorney would file a § 2255 motion. Movant contends he was unaware that his attorney had abandoned his case until after the window for filing a § 2255 motion had closed. He also alleges that he filed an unsuccessful motion with the Fifth Circuit for leave to file a § 2255 petition. (Mot. at 3-4).

Movant's arguments provide no basis for equitably tolling the limitations period. One letter dated July 10, 2006, advises movant that the Fifth Circuit had affirmed his conviction. (Ex. B). A second letter, dated August 8, 2006, advises that movant's mother's told the attorney that movant wished to file a petition for writ of certiorari with the Supreme Court. (Ex. A). A third undated letter informs movant that his petition for writ of certiorari had been denied. (Ex. E). A fourth letter, dated April 20, 2007, informs movant about a new Supreme Court opinion and states that additional

4

information on § 2255 is enclosed with the letter. (Ex. D). Movant's letters show that he was advised that his petition for certiorari had been denied by the Supreme Court and provided information about § 2255. The letter does not state that the attorney would file a § 2255 motion.

Even if movant was misled by the April 20, 2007 letter and believed that his attorney would file a § 2255 motion for him, *Begay* was decided one year later, on April 16, 2008. Movant did not pursue a § 2255 motion until June 7, 2010, when he filed a motion for leave of court to proceed *in forma pauperis* and requested a certificate of appealability in the Fifth Circuit.[2] *See United States v. Neal*, Case No. 05-10591 (5th Cir.). Movant has failed to establish that he diligently pursued his rights, as required by Supreme Court case law. *See Holland*, 130 S.Ct. at 2562. The fact that he may be ignorant of the law is insufficient to warrant equitable tolling for this period of time. *See Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Because movant has not met his burden to establish circumstances warranting equitable tolling, his motion to vacate is untimely.

### III. RECOMMENDATION

The motion to vacate, set aside, or correct sentence should be found barred by the statute of limitations and **DENIED** with prejudice.

**SIGNED this 19th day of May, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] On June 15, 2010, the Fifth Circuit sent movant a letter stating that no action would be taken on his motion because the mandate in his criminal case issued on June 21, 2006. Movant then filed a "notice of appeal" of this letter on June 24, 2010.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE